The STATE of Texas, Appellant,

v.

Kelvin Dwayne BOWIE, Appellee.

Nos. 12–02–00182–CR, 12–02–00183–CR.

Court of Appeals of Texas,
Tyler.

March 5, 2003.

Rehearing Overruled April 22, 2003.

Discretionary Review Granted
Sept. 10, 2003.

Anthony D. Lyons, Dallas, for appellant.

Edward J. Marty, Tyler, for State.

Panel consisted of WORTHEN, C.J. and GRIFFITH, J.

JAMES T. WORTHEN, Chief Justice.

Appellee Kelvin Dwayne Bowie ("Bowie") was indicted on two counts of aggravated perjury. Prior to trial, Bowie filed a motion to suppress statements he had made in open court in a separate cause which formed the bases of the two aggravated perjury indictments. The trial court granted Bowie's motion to suppress, and the State appealed. In one issue, the State contends that the trial court erred in suppressing the statements made in open court. We reverse and remand for further proceedings consistent with this opinion.

## BACKGROUND

On October 29, 2000, Bowie shot Michael Wideman to death in Smith County. On May 10, 2001, while testifying under oath to the Smith County Grand Jury, Bowie stated that he had shot Wideman while defending his sister and that he had not gone to look for a gun with which to shoot Wideman. Following his grand jury testimony, Bowie was indicted for Wideman's murder.

Bowie waived his right to a jury trial and appeared before Judge Cynthia Stevens Kent ("the judge") of the 114th Judicial District Court of Smith County ("the court") on October 4, 2001. The judge informed Bowie that she did not allow plea bargain agreements but, in lieu of accepting plea bargains, she utilized a "timely pass for plea" procedure. Under the "timely pass for plea" procedure, Bowie would enter a plea of guilty, and the Court would hear evidence supporting his plea and evidence and argument on the issue of punishment. Then, the judge further explained, she would announce what Bowie's sentence would be, but he would be allowed to withdraw his guilty plea if he did not like the court's proposed sentence.

The judge then asked Bowie, "[Do] you want to try this case today in a non-jury trial based on a plea of guilty and stipulated evidence?" Bowie answered, "Yes." Thereafter, Bowie pleaded guilty, and testimony was taken during which Bowie stated under oath that he was not defending his sister when he shot Wideman and that he had gone to look for a gun in order to shoot Wideman. The judge then told Bowie, "We'll move into the punishment phase of trial." The judge stated that she would be receiving no punishment recommendation but would allow evidence and argument of counsel. The judge then announced the sentence which she would impose: fifty years of imprisonment and a $5,000.00 fine. Following the announcement of the proposed sentence, Bowie changed his plea to not guilty as permitted with the court's "timely pass for plea" procedure.

Subsequently, the State filed aggravated perjury charges against Bowie based on the two inconsistent statements which he had made before the grand jury and the trial court. See TEX. PEN.CODE ANN. §§ 37.03, 37.06 (Vernon 1994). Thereafter, Bowie filed a motion to suppress the statements made to the trial court in the murder cause pursuant to Texas Rule of Evidence 410(3) which states:

> Except as otherwise provided in this rule, evidence of the following is not admissible against the defendant who made the plea or was a participant in the plea discussions:
>
> . . . .
>
> (3) any statement made in the course of any proceedings under Rule 11 of the Federal Rules of Criminal Procedure or comparable state procedure regarding, in a civil case, either a plea of guilty that was later withdrawn or a plea of *nolo contendere*, or in a criminal case, either a plea of guilty that was later withdrawn or a plea of guilty that was later withdrawn or a plea of *nolo contendere* that was later withdrawn. . . .

TEX.R. EVID. 410(3).

The court held a hearing on Bowie's motion to suppress on May 3, 2002. At that hearing, the judge again stated that she did not accept plea bargain agreements she also reiterated that the court utilized the "timely pass for plea" procedure instead, and, therefore, the "timely pass for plea" was the procedure under which Bowie testified under oath to the court on October 4, 2001. The trial court stated on the record that its "timely pass

for plea" procedure was comparable to proceedings under Rule 11 of the Federal Rules of Criminal Procedure. The trial court then entered an order on May 30, 2002, that all statements made by Bowie during the course of and relating to his plea of guilty on October 4, 2001, which was later withdrawn, would be suppressed.

Without evidence of the statements made under oath before the trial court, the State would have only Bowie's testimony before the grand jury on May 10, 2001 to present during the aggravated perjury trials. Without inconsistent statements, the State could not proceed with its aggravated perjury indictments against Bowie. *See* TEX. PEN.CODE ANN. § 37.06. The State timely filed this appeal from the pre-trial suppression of evidence.

### JURISDICTION

 Because there has been no final disposition of this case in the trial court, we must first determine whether we have jurisdiction to consider this appeal. Article 44.01(a)(5) of the Texas Code of Criminal Procedure permits the State to "appeal an order of a court in a criminal case if the order grants a motion to suppress evidence...." TEX.CODE CRIM. PROC. ANN. art 44.01(a)(5) (Vernon Supp.2003). The State filed its notice of appeal fifteen days after the order granting Bowie's motion to suppress was entered. *See* TEX.R.APP. P. 26.2(b). Therefore, we have jurisdiction to consider this appeal.

### ISSUE PRESENTED

The State presents one issue for our review: Is the trial court's "timely pass for plea" procedure comparable to a proceeding under Rule 11 of the Federal Rules of Criminal Procedure?

### STANDARD OF REVIEW

 Generally, a trial court's ruling on a motion to suppress is reviewed under an abuse of discretion standard. *Oles v. State*, 993 S.W.2d 103, 106 (Tex.Crim.App. 1999). However, the instant case presents us with a question of law based on undisputed facts; thus we employ *de novo* review. *Id.*

### ANALYSIS

 Plea bargaining is the process by which the defendant in a criminal case relinquishes his right to go to trial in exchange for a reduction in charge and/or sentence. *Perkins v. Third Court of Appeals*, 738 S.W.2d 276, 282 (Tex.Crim.App. 1987). When a defendant agrees to the terms of a plea bargain, he is deemed to have entered into the agreement knowingly and voluntarily unless he shows otherwise. *Ex parte Williams*, 637 S.W.2d 943, 947 (Tex.Crim.App.1982). Effectively, he has entered into a contract. *Id.* However, this contract does not become operative until the court announces it will be bound by the plea bargain agreement. *Id.* A criminal defendant in Texas has no constitutional or statutory right to engage in plea bargaining with a prosecutor, but plea bargaining itself is statutorily recognized in Texas. *Perkins*, 738 S.W.2d at 283; TEX.CODE CRIM. PROC. ANN. art 26.13(a)(2) (Vernon Supp.2003).

The use of plea bargaining is also an important and integral part of the federal criminal justice system. *See Blackledge v. Allison*, 431 U.S. 63, 71, 97 S.Ct. 1621, 1627, 52 L.Ed.2d 136 (1977). The plea agreement procedure used in our federal system is described in Rule 11 of the Federal Rules of Criminal Procedure. For purposes of our analysis in the instant case, the germane part of the plea agreement procedure set out in Rule 11 is subsection c(1) which states, in part, "An

attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions." FED. R.CRIM.P. 11(c)(1).

 Rule 11 has been interpreted as an absolute prohibition on all forms of judicial participation in or interference with the plea negotiation process. *United States v. Adams,* 634 F.2d 830, 835 (5th Cir.1981). A sentencing judge should take no part whatever in any discussion or communication regarding the sentence to be imposed prior to the entry of a plea of guilty or conviction, or submission to the court of a plea agreement. *Id.,* (citing *United States v. Werker,* 535 F.2d 198, 201 (2nd Cir.1976)). Statements made in the course of plea discussions between a criminal defendant and a prosecutor are inadmissible against the defendant. *United States v. Hare,* 49 F.3d 447, 450 (8th Cir. 1995), (citing *United States v. Mezzanatto,* 513 U.S. 196, 197, 115 S.Ct. 797, 800, 130 L.Ed.2d 697 (1995)).

 By its plain language, Rule 11 excludes only those statements which are made in the course of plea discussions. *United States v. Lloyd,* 43 F.3d 1183, 1186 (8th Cir.1994). The policy underlying Rule 11 is to allow a criminal defendant to freely negotiate without fear that any statements he makes during these negotiations will be used against him. *See United States v. Knight,* 867 F.2d 1285, 1288 (11th Cir.1989).

The "timely pass for plea" procedure used by the court in Bowie's murder case is not comparable to the plea agreement procedure outlined in Rule 11. In the Rule 11 plea agreement procedure, the defendant and his attorney have give-and-take negotiations with the government's attorney which lead to a plea bargain. Any statements made by the defendant during the give-and-take of the negotiating process are inadmissible under Rule 11 in later court proceedings. Importantly, the judge is not allowed to be present when these statements, protected from coming into evidence in later court proceedings, are made. The judge only enters the courtroom with the defendant present after the bargain is made.

In the "timely pass for plea" procedure, there is no give-and-take between the government's attorney on one side and the defendant and his attorney on the other side. Rather, it is the judge who interacts with the defendant. The judge is orchestrating the entire procedure in open court, on the record. The judge views these proceedings as a trial and personally places the defendant under oath. No one is at liberty to lie under oath during a judicial proceeding. *See Martinez v. State,* 91 S.W.3d 331, 340 (Tex.Crim.App. 2002).

Based on the forgoing analysis, we hold that the "timely pass for plea" procedure is not a comparable state procedure to proceedings under Rule 11 of the Federal Rules of Criminal Procedure as contemplated by Texas Rule of Evidence 410(3). Therefore, Bowie's testimony under oath at the "timely pass for plea" proceeding is not covered by Rule 410(3) and can be used as evidence in his perjury trial. The State's issue is sustained.

We reverse and remand this matter to the trial court for further proceedings consistent with this opinion.

RAMEY, Jr., Retired Chief Justice, Twelfth Court of Appeals, Tyler, sitting by assignment, dissenting.

TOM B. RAMEY, JR., Chief Justice (Retired), dissenting.

I respectfully dissent. Judge Kent's unique "timely pass for plea" proceeding is

a comparable state procedure to a standard plea bargain and is embraced by Rule 11 of the Federal Rules of Criminal Procedure as contemplated by TEX.R. EVID. 410(3). Under the majority's opinion Bowie is improperly prejudiced because the trial court chose to use the "timely pass for plea" procedure rather than a standard plea bargain. The trial court properly suppressed Bowie's statements during the course of and relating to his plea of guilty. *See Bowie v. State,* No. 05–02–00527–CR, 2003 WL 568905 (Tex.App.-Dallas February 28, 2003, no pet. h.) (not designated for publication), 2003 WL 568905, at *2.