In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00102-CV


______________________________




JULIO PEREZ, JR., Appellant



V.



DUSTY HAWKINS, THOMAS JENKINS, RICKY RUDD, Appellees




 


On Appeal from the 102nd Judicial District Court


Bowie County, Texas


Trial Court No. 07C0056-102




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Julio Perez, Jr., has filed a notice of appeal from a judgment that dismissed his "lawsuit" for
want of prosecution. He has not in any respect attacked the court's decision to dismiss the action for
that reason. Rather, he argues cogently that this was not a civil lawsuit in the first place, as it is
actually an affidavit which he intended to be a criminal complaint to be brought to the attention of
the authorities whose duty it is to investigate such. The affidavit sets out various types of alleged
wrongdoing and injury resulting therefrom, but neither seeks damages of any sort, nor does it request
a remedy. It states that it is an affidavit/complaint to be filed with the Bowie County District
Attorney's Office to institute formal charges against specific prison guards for "mistreatment and
oppressive behavior" by those individuals. (1) 

 As Perez has directed us to no claimed error by the trial court, we must affirm the judgment. 
We note, however, that such an affirmance can have no effect upon Perez's attempt to pursue
criminal proceedings against the individuals named in the affidavit.

 We affirm the judgment.



 Bailey C. Moseley

 Justice


Date Submitted: May 5, 2009

Date Decided: May 6, 2009
1. The record also contains a letter from Perez to the district clerk pointing out that his affidavit
had been misconstrued to be a lawsuit when it was not. 



925-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Debbie Ann Duchaine appeals from her conviction on her plea of guilty without a
plea agreement on a charge of criminally negligent homicide. The court assessed
punishment at one year of confinement in a state jail facility. She contends on appeal that
the trial court's practice of refusing to accept any plea agreement denied her equal
protection under the law because this removes options provided to her by the Legislature
in Article 26.13


 and that the evidence was legally and factually insufficient to support the
conviction.
          The record reflects the State and Duchaine had informally agreed and 
recommended to the court that Duchaine be sentenced to two years' community
supervision. The court instead sentenced her to one year of confinement. 
          At a hearing on Duchaine's motion for new trial, evidence was admitted to show that
the 124th Judicial District Court, the court in which Duchaine's case was tried, does not
accept formal plea agreements and that its sister court, the 188th Judicial District Court,
does, and that a random process is followed in the assignment of criminal cases to those
courts, so the court in which any particular case is filed depends simply on the luck of the
draw. 
          The evidence shows Duchaine was the driver in an automobile accident that
resulted in two deaths, that of her nine-year-old daughter and the twelve-year-old daughter
of her boyfriend. Duchaine drove from a stop sign and was hit broadside on the passenger
side by a pickup truck. Witnesses stated she had not stopped, or had only slowed down. 
Duchaine stated she had stopped. There is no indication her mental faculties were
impaired by the use of any substance. The evidence also shows that this thirty-three-year-old woman was driving despite having never had a driver's license. 
          Duchaine contends the policies of the 124th Judicial District Court had the effect of
denying her right to equal protection of the law because the court refuses to apply the
statutory procedures and protections established in connection with the use of plea
agreements. 
          A plea agreement, sometimes called a "plea bargain" or "negotiated plea," is the
process whereby the accused and the prosecutor in a criminal case work out a mutually
satisfactory disposition of the case, subject to court approval. Black's Law Dictionary
1173 (7th ed. 1999). Although statutorily recognized, the accused in a criminal case in
Texas has no constitutional or statutory right to engage in plea bargaining with a
prosecutor. Tex. Code Crim. Proc. Ann. art. 26.13(a)(2) (Vernon Supp. 2004); Perkins v.
Court of Appeals, 738 S.W.2d 276, 283 (Tex. Crim. App. 1987); State ex rel. Bryan v.
McDonald, 662 S.W.2d 5, 9 (Tex. Crim. App. 1983) (orig. proceeding); Morano v. State,
572 S.W.2d 550, 551 (Tex. Crim. App. [Panel Op.] 1978); State v. Bowie, Nos. 12-02-00182-CR, 12-02-00183-CR, 2003 WL 745153, at *2 (Tex. App.‒Tyler Mar. 5, 2003, pet.
granted). Thus, a trial judge may, in every case, or in any particular case, refuse to follow
plea agreements. McDonald, 662 S.W.2d at 9; Morano, 572 S.W.2d at 551. Accordingly,
no right exists that would be violated by the court's decision not to follow plea agreements.
          Further, in order for this Court to be able to consider equal protection claims, a
timely objection must be made that will preserve the claim for review. Saldano v. State,
70 S.W.3d 873, 891 (Tex. Crim. App. 2002); Todd v. State, 911 S.W.2d 807, 813 (Tex.
App.‒El Paso 1995, no pet.). No timely objection was made; thus, the matter is not
properly before this Court for review. These contentions of error are overruled.
          Duchaine also contends the evidence is legally and factually insufficient to support
the verdict. Duchaine pled guilty before the court. Tex. Code Crim. Proc. Ann. art. 1.15
(Vernon Supp. 2004) requires the state to introduce sufficient evidence into the record to
support a guilty plea. See Williams v. State, 674 S.W.2d 315, 319 (Tex. Crim. App. 1984)
(noting no evidence need be entered when appellant pleads guilty before jury; evidence
necessary for guilty plea before court only); Schumacher v. State, 72 S.W.3d 43, 51 (Tex.
App.‒Texarkana 2001, pet. ref'd); Addicks v. State, 15 S.W.3d 608, 612 (Tex.
App.‒Houston [14th Dist.] 2000, pet. ref'd).
          In reviewing the legal sufficiency of the evidence, we view the relevant evidence in
the light most favorable to the verdict and look to see whether a rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319 (1979); see Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App.
2000). In our review, we must evaluate all the evidence in the record, both direct and
circumstantial, whether admissible or inadmissible. Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999).
          In contrast, a factual sufficiency review dictates the evidence be viewed in a neutral
light, favoring neither party. Johnson, 23 S.W.3d at 7. In determining the factual
sufficiency of the evidence to establish the elements of the offense, we view all the
evidence in a neutral light and set aside the verdict only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Id.; Graham v.
State, 96 S.W.3d 658, 662 (Tex. App.‒Texarkana 2003, pet. ref'd).
          In this case, the conviction is supported by evidence in the form of written
statements by Duchaine, including a judicial confession, and two other individuals that she
had failed to abide by the stop sign at the intersection. The police report and accident
reconstruction report were introduced to show the chain of events that resulted in the crash
and the resultant deaths. We find the evidence both legally and factually sufficient to
support the judgment. 
          We affirm the judgment.

                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      October 28, 2003
Date Decided:         November 14, 2003

Do Not Publish