Jasen Tremaine EDWARDS, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–00–00140–CR.

Court of Appeals of Texas, Texarkana.

Submitted Jan. 11, 2001.

Decided Jan. 12, 2001.

Discretionary Review Refused May 2, 2001.

David W. Barlow, Beaumont, for appellant.

Wayln G. Thompson, Asst. Dist. Atty., Rodney D. Conerly, Asst. Crim. Dist. Atty., Beaumont, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

Jasen Edwards was convicted by a jury of aggravated robbery. His punishment was assessed at seven years' confinement. Edwards was alleged to have robbed a Texaco Express Lube store in Nederland, Texas. At the end of the punishment phase, the ·trial court considered the State's Motion to Revoke Edwards's community supervision, which was assessed for a previous offense. Count one of the State's motion alleged the aggravated robbery offense for which the jury found Edwards guilty. The trial.court found the State's allegation true and dismissed four other allegations. Edwards was then sentenced to two years' confinement, which the trial court ordered to run concurrently with his sentence for the aggravated robbery offense.

On appeal from the aggravated robbery conviction, Edwards contends he received ineffective assistance of counsel. He also contends the trial court erred in overruling his Motion for New Trial. Edwards has also filed an appeal from the revocation of his community supervision, which we address by separate opinion.

The standard for testing claims of ineffective assistance of counsel was set out by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted for Texas constitutional claims in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App.1986). To prevail, Edwards must prove by a preponderance of the evidence (1) that his counsel's representation fell below an objective standard of reasonableness, and (2) that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim.App.2000).

■ To meet this burden, Edwards must prove that his attorney's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for his attorney's deficiency, the result of the trial would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052; *Tong*, 25 S.W.3d at 712. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052; ·*Tong*, 25 S.W.3d at 712.

■ Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). Failure to make the required showing of either deficient performance or sufficient prejudice defeats an ineffectiveness claim. *Id.*

■ Our review of counsel's representation is highly deferential; we indulge a strong presumption that counsel's conduct falls within a wide range of reasonable representation. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052; *Tong*, 25 S.W.3d at 712.. We will not second-guess through hindsight the strategy of counsel at trial, nor will the fact that another attorney might have pursued a different course support a finding of ineffectiveness. *Blott v. State*, 588 S.W.2d 588, 592 (Tex.Crim.App. 1979). The fact that another attorney, even Edwards's attorney on appeal, might have pursued a different course of action does not necessarily indicate ineffective assistance. ·*Harner v. State*, 997 S.W.2d 695, 704 (Tex.App.—Texarkana 1999, no pet.).

■ Edwards's contention of ineffectiveness centers around his trial attorney's alleged failure to investigate and discover two purported alibi witnesses. The record reveals that the State called two witnesses to the robbery, one of whom was able to identify Edwards, the witness's former co-worker at the store, as the robber. These witnesses testified that the robbery occurred around 6:30 p.m.

Edwards's grandmother, his mother, and Edwards himself testified that he was

painting a rental house owned by his grandmother in Beaumont, Texas on the day of the robbery. Edwards testified that he left around 7:00 p.m. and went to a barbecue stand in Beaumont that his grandmother formerly owned. His grandmother and his mother could not testify specifically when Edwards left the rental house. Edwards's mother testified that she left around 6:00 p.m., before Edwards did. Edwards's grandmother testified that Edwards's mother left "a little bit ahead of" Edwards, but also testified that Edwards left about an hour after his mother. On cross-examination she testified that she did not know what time Edwards left, but that "[h]is mother left before dark and when [Edwards] left it was getting dark."

After trial, Edwards's trial counsel filed a Motion for New Trial in which he alleged that Edwards received ineffective assistance of counsel. The motion alleges that two witnesses were not called at trial because "[d]efendant's counsel did not use due diligence in procuring their attendance" and that he "did not pursue information that would have led to these witnesses." The motion further alleges that the existence of the witnesses was discovered "through the Defendant's mother." The motion contains a sworn statement from Edwards's trial attorney asserting that the allegations in the motion are true.

Attached to the motion were affidavits from the two witnesses. One witness, an employee of the barbecue stand, stated that Edwards came to the drive-through window on the evening of the robbery sometime after 6:00 p.m. Another witness, a friend of Edwards's, stated that she spoke with him at a gas station in Beaumont that same evening around 6:20 p.m. for about fifteen or twenty minutes. The trial court ordered the State to file a written response and then later overruled the motion.

Edwards relies on *Melancon v. State*, No. 14–98–00204–CR, slip op. at 5–6, 2000 WL 1356697, at *3–4 (Tex.App.—Houston [14th Dist.] Sept. 21, 2000, no pet. h.), and

*Butler v. State*, 716 S.W.2d 48 (Tex.Crim. App.1986), which involved claims of ineffective assistance based on the trial attorney's failure to procure the attendance of witnesses at trial. Both cases are distinguishable, however, because in each case a record of counsel's ineffectiveness was developed at the hearing on the defendant's motion for new trial.

■ A hearing on a motion for new trial is necessary when the matters raised in the motion are not determinable from the record. *Reyes v. State*, 849 S.W.2d 812, 816 (Tex.Crim.App.1993). Because an unrestricted right to a hearing could lead to "fishing expeditions," motions for new trial must be supported by an affidavit showing the truth of the grounds of attack. *Id.* The affidavit is not required to "reflect every component legally required to establish" relief, but the motion for new trial or affidavit must reflect that reasonable grounds exist for holding that such relief could be granted. *Id.* Affidavits are not evidence; rather, they must be introduced as such at a hearing on the motion for new trial. Tex.R.App.P. 21.7; *Stephenson v. State*, 494 S.W.2d 900, 909–10 (Tex.Crim. App.1973); *Scaggs v. State*, 18 S.W.3d 277, 281 (Tex.App.—Austin 2000, pet. ref'd); *Moody v. State*, 923 S.W.2d 689, 693 (Tex. App.—Tyler 1996, no pet.); *Mattox v. State*, 874 S.W.2d 929, 936 (Tex.App.— Houston [1st Dist.] 1994, no pet.); *Martin v. State*, 823 S.W.2d 395, 397 (Tex.App.— Texarkana 1992), *pet. ref'd*, 830 S.W.2d 137 (Tex.Crim.App.1992). However, if the defendant's motion and affidavit are sufficient, a hearing on the motion is mandatory. *Jordan v. State*, 883 S.W.2d 664, 665 (Tex.Crim.App.1994). Nevertheless, the defendant must request such a hearing. *Martin*, 823 S.W.2d at 397.

In the present case, the record demonstrates that Edwards failed to request a hearing on his Motion for New Trial. The text of Edwards's motion does not contain a request for a hearing. Attached to the motion is a suggested order, which recites:

On _____, the Court heard the Motion of Jaen [sic] T. Edwards for New Trial.

The Court finds that the Motion should be and is hereby:

GRANTED / DENIED

This suggested order is insufficient to support a finding that Edwards invoked his right to a hearing, assuming the facts averred in the Motion for New Trial and the affidavits attached entitled him to a hearing. Further, Edwards does not complain on appeal about the trial court's failure to hold a hearing. Consequently, the record is insufficient to determine whether Edwards received ineffective assistance of counsel. Edwards's first point of error is overruled.

 In his second point of error, Edwards contends the trial court erred in overruling his Motion for New Trial. The State contends that Edwards's issue on appeal does not comport with the issue raised in Edwards's Motion for New Trial. The State contends that Edwards's Motion for New Trial was based on newly discovered evidence, while Edwards's issue on appeal contends the trial court abused its discretion in failing to grant his Motion for New Trial "based on ineffective assistance of counsel." Reviewing the Motion for New Trial, we find it is based on Edwards's contention that his attorney was ineffective in failing to discover certain witnesses.

The granting or denying of a motion for new trial rests within the sound discretion of the trial court. *Lewis v. State,* 911 S.W.2d 1, 7 (Tex.Crim.App. 1995); *State v. Kelley,* 20 S.W.3d 147, 150 (Tex.App.—Texarkana 2000, no pet. h.). We will reverse only when the trial court's decision was clearly wrong and outside the zone of reasonable disagreement. *State v. Gonzalez,* 855 S.W.2d 692, 695 n. 4 (Tex. Crim.App.1993) (quoting *Cantu v. State,* 842 S.W.2d 667, 682 (Tex.Crim.App.1992); *Kelley,* 20 S.W.3d at 150. The trial court's ruling is presumed to be correct, and the burden rests on the appellant to establish the contrary. *Lee v. State,* 167 Tex.Crim. 608, 322 S.W.2d 260, 262 (1958); *Kelley,* 20 S.W.3d at 150–51. Because the record does not contain evidence of counsel's ineffectiveness, we cannot say the trial court's decision is clearly wrong and outside the zone of reasonable disagreement. Edwards's second point of error is overruled.

The trial court's judgment is affirmed.