Affirmed and Opinion filed May 30, 2002















Affirmed and
Opinion filed May 30, 2002.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO.
14-01-00757-CR

_______________

 

SHENUTY
MAXIMUS ABRAHAM, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_______________

 

On Appeal from the 183rd District Court

Harris County, Texas

Trial Court Cause No. 861,085

_______________

 

O P I N I O N

 

            Shenuty Maximus Abraham appeals a conviction for aggravated robbery[1] on
the grounds that: (1) he was denied effective assistance of counsel; and (2)
the trial court erred in failing to hold a hearing on appellant’s motion for
new trial.  We affirm.

Ineffective Assistance of Counsel

            Appellant’s first and second issues
argue that he was denied effective assistance of counsel, as guaranteed by the
United States and Texas Constitutions[2] because,
during the guilt phase of trial, his counsel asked him on direct examination if
he participated in the aggravated robbery and also argued in closing that
appellant was guilty of the crime charged.

            To prevail on a claim of ineffective
assistance of counsel, an appellant must show, first, that counsel’s
performance was deficient, i.e., it
fell below an objective standard of reasonableness, and, second, that the
appellant was prejudiced in that there is a reasonable probability that but for
counsel’s errors, the result of the proceeding would have been different.  Strickland
v. Washington, 466 U.S. 668, 687
(1984); Tong v. State, 25 S.W.3d 707,
712 (Tex. Crim. App. 2000), cert. denied, 121 S. Ct. 2196 (2002).  To be sustained, an allegation of ineffective
assistance must be affirmatively demonstrated in the record.  McFarland
v. State, 928 S.W.2d 482, 500 (Tex. Crim. App.
1996).

            In reviewing ineffectiveness claims,
scrutiny of counsel’s performance must be highly deferential.  Strickland,
466 U.S. at 689; Tong, 25 S.W.3d at 712.  A court must indulge, and a defendant must
overcome, a strong presumption that the challenged action might be considered
sound trial strategy under the circumstances. 
Strickland, 466 U.S. at 689; Tong, 25 S.W.3d at 712.  A fair assessment of attorney performance
requires that every effort be made to eliminate the distorting effects of
hindsight and to evaluate the conduct from counsel’s perspective at the time.  Strickland,
466 U.S. at
689.  Thus, the presumption that an
attorney’s actions were sound trial strategy ordinarily cannot be overcome
absent evidence in the record of the attorney’s reasons for his conduct.  Busby
v. State, 990 S.W.2d 263, 268-69 (Tex. Crim. App.
1999), cert. denied, 120 S. Ct. 803
(2000).

            In this case, appellant contends
that his counsel’s following two questions on direct examination  cannot be considered trial strategy:

Counsel:         Now,
you’re saying that you did participate in the robbery; is that correct?

Appellant:       Somewhat,
yes.

Counsel:         But in
fact, it was planned by two other people?

Appellant:       Yes,
sir.

He also
claims that the following portion of his counsel’s closing argument could not
be viewed as trial strategy:

Now, I don’t think you can –
under the law of parties, I don’t think you can do anything but find Mr.
Abraham guilty.  Okay? . . . I wouldn’t
have any problem with you finding him guilty, because I think, under the law of
parties, he’s admitted that. 

 

            However, by not developing a record
reflecting counsel’s reasons for eliciting this testimony and making this
statement to the jury, appellant has failed to overcome the presumption that
his counsel’s decisions to proceed in this manner were sound trial strategy.  In light of the State’s evidence, including
the complainant’s positive identification of appellant, and his palm print and
fingerprints being recovered from the crime scene, appellant’s counsel might
have believed that a strategy of acknowledging and minimizing, rather than denying,
appellant’s involvement in the robbery would produce the most favorable outcome
ultimately.  Therefore, we overrule
appellant’s first and second issues.

                                                          Motion for New Trial

            Appellant’s third issue contends
that the trial court erred in denying him an evidentiary hearing on his motion
for new trial (the “motion”) in that the motion was timely presented, alleged
facts outside the record that, if true, could have entitled him to relief, and
was supported by an affidavit.[3]

 

 

                                                       Preservation of Complaint

            Ordinarily, to preserve a complaint
for appellate review, a party must make a request, objection, or motion to the
trial court, stating the specific grounds for the ruling sought, and obtain a
ruling.  Tex. R. App. P. 33.1. 
At a hearing on a motion for new trial, the trial court may receive
evidence by affidavit or otherwise.  Id. 21.7.  Therefore, when a defendant presents a motion
for new trial supported by affidavit(s), the defendant may choose whether to
rely on the affidavit(s) as his evidence or to offer further testimonial
evidence.  As with other tactical
decisions regarding the type and amount of evidence to offer, this choice is to
be made by the defendant and his counsel, not the trial court.  Moreover, rule 33.1 would indicate that a
desire to offer testimony in support of a motion for new trial must be
communicated to the trial court and ruled upon in order to be preserved for
review on appeal.[4]  Because our record does not reflect that
appellant requested a hearing at which testimony would be offered and obtained
a ruling on that request,[5] we
do not believe his complaint of being denied such a hearing has been preserved
for our review.  However, because the
Texas Court of Criminal Appeals has not addressed this issue, we will also
review this challenge on the merits as an alternative ground for overruling it.

                                               Sufficiency of Motion and Affidavit

            When a defendant presents a motion
for new trial raising matters not determinable from the record, which could
entitle him to relief, the trial court abuses its discretion if it fails to
hold a hearing on the motion.  Martinez v. State, No. 2124-00, 2002 WL 662532, at
*2 (Tex. Crim. App. April 24,
 2002).  However, in order
to obtain a hearing, the motion must be supported by an affidavit specifically
showing the truth of the grounds for attack. 
Id.  The affidavit need not reflect every
component legally required to establish relief, but merely that reasonable
grounds exist for holding that a new trial could be granted.  Id.[6]  The purpose of the hearing is to then fully
develop the issues raised in the motion. 
Id.

            In this case, appellant’s motion
asserted that his trial counsel’s performance was deficient in failing to: (1)
subpoena cellular telephone records which would have contradicted the testimony
of the complainant that she had no previous relationship with appellant; (2)
interview potential alibi witnesses; (3) present an alibi defense at trial; and
(4) object to the State’s closing argument during the punishment phase of
trial.  The attached affidavit of
appellant’s trial counsel (the “affidavit”) states that: (1) before trial,
appellant told counsel that he was with two individuals in Galveston when the
robbery occurred, and appellant gave counsel the names and telephone numbers
for those individuals, but counsel did not interview them before trial or
pursue an alibi defense for appellant; (2) before trial, appellant told counsel
that appellant’s cellular phone records would have contradicted the complaining
witness’s testimony that she had no prior relationship with appellant, but
counsel did not examine or subpoena those records because he was uncertain of
their relevance; and (3) counsel failed to object to the State’s statement
during closing argument in the punishment phase that appellant had six prior
convictions, which was outside the record and incorrect in that appellant had
only two felony convictions, successfully completed probation for both, and
never went to the penitentiary.

            As to the failure to subpoena the
telephone records, the affidavit shows that counsel consciously refrained from
pursuing this evidence because he was uncertain of its relevance.  Because this was a matter of trial strategy,
it would generally not establish ineffective assistance, and the motion and
affidavit did not provide a reasonable basis to conclude otherwise.  Similarly, a reasonable basis to conclude
that the failure to interview the alibi witnesses and pursue an alibi defense
would have demonstrated ineffective assistance was not shown because there was
no evidence of what the witnesses would have said or how an alibi defense could
have been persuasive in light of the complainant’s positive identification of
appellant and his palm print and fingerprints being recovered from the crime
scene.[7]

            With regard to counsel’s failure to
object to closing argument, the trial court record contains evidence of
appellant’s prior convictions. 
Therefore, the trial court could assess from the record whether the
State’s closing argument went outside the record, and the matter was therefore
not one that was not determinable from the record.  Because appellant’s third point of error thus
fails to demonstrate that the trial court erred in failing to conduct a hearing
on the motion, it is overruled, and the judgment of the trial court is
affirmed.

 

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Opinion filed May 30,
 2002.

Panel
consists of Justices Hudson, Fowler, and Edelman.

Do not
publish — Tex. R. App. P.
47.3(b).

 

 











[1]           A jury found appellant guilty and
assessed punishment of twenty years confinement and a $10,000 fine.





[2]           Because the Texas Constitution
affords no greater right to effective assistance of counsel than the United
States Constitution, we will address appellant’s first and second issues
together.  See Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999).





[3]           The State contends that the trial
court was not required to hold a hearing on the motion because the affidavits
supporting it were sworn before an attorney representing appellant.  See,
e.g., Garza v. State, 630 S.W.2d 272, 273 (Tex. Crim.
App. 1981) (holding that juror affidavits sworn before one of appellant’s
attorneys could not be considered, unlike affidavit sworn before a notary
public other than one of appellant’s attorneys).  Although the name of the notary appearing on
the affidavits supporting the motion also appears in appellant’s brief as one of the attorneys
representing him, that name does not appear as an attorney for appellant on the
motion for new trial.  Therefore, the record
does not reflect that the notary was an attorney representing appellant at the
time the affidavits were sworn.





[4]           See Edwards v. State, 37 S.W.3d 511, 514
(Tex. App.—Texarkana 2001, pet. ref’d); Brooks v. State, 894 S.W.2d 843, 847
(Tex. App.—Tyler 1995, no pet.); Martin
v. State, 823 S.W.2d 395 (Tex. App.—Texarkana 1992, pet. ref’d).





[5]           The trial court’s docket sheet
reflects presentment of appellant’s motion for new trial but not a request for
an evidentiary hearing on the motion.





[6]           Compare
Martinez, 2002 WL 662532 at *2 (holding sufficient an affidavit
stating that counsel failed to inform the defendant of a plea offer), and 
Reyes v. State, 849 S.W.2d
812, 816 (Tex. Crim. App. 1993) (same), with King
v. State, 29 S.W.3d 556, 568-69 (Tex. Crim. App. 2000)
(holding that assertions in verified motion for new trial failed to establish
facts entitling appellant to a new trial in that they: (1) provided no support
for allegation that appellant’s conviction was contrary to law; (2) failed to
explain who threatened a prospective defense witness, what the witness’s
testimony would have been, or how it would have been material; (3) failed to
explain what right appellant had to pass notes to other inmates or what
information was intercepted that denied him defensive information; (4) did not
establish a claim that the State exerted an improper influence on the jury
merely because jury was fond of bailiff; and (5) did not allege what further
investigation counsel should have conducted, who appellant’s alleged alibi
witness was, or how an alibi witness could have been persuasive given the
physical evidence and appellant’s own statements connecting him with the
crime), and Jordan v. State, 883 S.W.2d 664, 665 (Tex. Crim.
App. 1994) (holding that affidavit was insufficient for failing to state how
counsel’s investigation was deficient, what further investigation would have
revealed, or what unsubpoenaed witnesses would have
said to exculpate him (but not addressing appellant’s claim that counsel had
failed to inform him of potential range of punishment in considering plea
offer)).





[7]           See King, 29 S.W.3d at 568-69; Jordan, 883
S.W.2d at 665.