NOS. 12-03-00408-CR
 12-03-00409-CR
 12-03-00410-CR
 12-03-00411-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
LADARYL WADDLETON,                               §                 APPEAL FROM THE 7TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            LaDaryl Waddleton (“Appellant”) pleaded guilty to unauthorized use of a motor vehicle, two 
aggravated robbery charges, and fraud. In two issues, Appellant argues that the trial court erred in
denying his motion for new trial and contends that he received ineffective assistance of counsel. We
affirm.
 
Background
            Appellant was charged by indictment with (1) unauthorized use of a motor vehicle, (2) the
aggravated robbery of Billy Wright (“Wright”), (3) the aggravated robbery of Chukwuemeka
(Michael) Erokwu (“Erokwu”), and (4) fraud. Each of the aggravated robbery indictments included
an enhancement paragraph alleging the use and exhibition of a deadly weapon, to-wit, a hand gun,
during commission of the offenses. Appellant entered an open plea of guilty to the offenses charged
in the indictments. In all four cases, Appellant and his trial counsel signed an acknowledgment of
admonishments, a waiver of jury trial, an agreement to stipulate testimony, and a written stipulation
of evidence in which Appellant swore that all elements pleaded in the indictments were true. During
the plea hearing, Appellant acknowledged satisfaction with his counsel’s representation. 
            The trial court deferred a formal finding of guilt and, after two continuances, set the cases
for a sentencing hearing. The day before the hearing, trial counsel filed a motion to withdraw and
substitute counsel. At the hearing, counsel stated that, because of a serious conflict with Appellant
on the direction of the cases, he would be unable to continue to represent Appellant. Appellant also
requested counsel’s withdrawal, acknowledging that he was attempting to withdraw his prior guilty
pleas. Based on this testimony, the trial court granted the motion to withdraw. New counsel was
appointed for Appellant in all four cases. At a status hearing, Appellant’s new counsel asked for
additional time to review discovery, including audio and video tapes. Counsel also stated that he did
not receive the tapes from Appellant’s former counsel and that Appellant had never seen or heard
the tapes. Appellant subsequently filed a motion to appoint an investigator, which the trial court
granted. The trial court also granted Appellant’s motion for discovery and inspection and ordered
the State to provide copies of video and audio statements and photographic quality pictures of any
lineups or photographs shown to potential witnesses. 
            Approximately one month later, the first of two sentencing hearings was held. After closing
arguments at the second hearing, held two weeks after the first, the trial court found Appellant guilty
of all four offenses as charged in the indictments based on Appellant’s prior pleas of guilty and the
evidence presented to the court. The trial court assessed punishment at two years of confinement
in state jail for unauthorized use of a motor vehicle and two years of confinement in state jail for
fraud. For each of the aggravated robbery offenses, the trial court assessed punishment at
imprisonment for fifty years, and a $10,000 fine. The trial court also found that in each aggravated
robbery, Appellant used or exhibited a deadly weapon during the commission of the offense. The
trial court ordered that all four sentences run concurrently.
            After sentencing, Appellant’s new counsel dictated a bill of exceptions on the record,
proffering evidence that he believed would have been elicited from witnesses if he had been allowed
to introduce the testimony. On October 6, Appellant filed a motion for new trial, listing seven
alleged failures of his former counsel constituting ineffective assistance of counsel. Appellant’s
attached affidavit simply stated that “all of the allegations of fact contained therein are true and
correct.” On October 22, the trial court denied Appellant’s motion for new trial. This appeal
followed.
 
Ineffective Assistance of Counsel
            In his second issue, Appellant argues that his former counsel’s initial representation
constitutes ineffective assistance of counsel. Appellant contends that counsel failed to conduct an
independent investigation or request an independent investigation regarding the facts of Appellant’s
cases and failed to apprise Appellant of this court’s decision in State v. Bowie, 137 S.W.3d 95 (Tex.
App.–Tyler 2003), rev’d, Bowie v. State, 135 S.W.3d 55 (Tex. Crim. App. 2004). The State argues
that neither of these assertions are supported by the record nor has Appellant argued how the
outcome of his cases would have been different but for counsel’s ineffective assistance. 
Applicable Law
            In determining a claim of ineffective assistance of counsel, we follow the United States
Supreme Court’s two-pronged test in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80
L. Ed. 2d 674 (1984). Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). Under
the first prong of the Strickland test, an appellant must show that counsel’s performance was
“deficient.” Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Tong v. State, 25 S.W.3d 707, 712
(Tex. Crim. App. 2000). “This requires showing that counsel made errors so serious that counsel
was not functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment.” 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. To be successful, an appellant must “show that
counsel’s representation fell below an objective standard of reasonableness.” Id., 466 U.S. at 688,
104 S. Ct. at 2064; Tong, 25 S.W.3d at 712. Under the second prong, an appellant must show that
the “deficient performance prejudiced the defense.” Strickland, 466 U.S. at 687, 104 S.Ct. at 2064;
Tong, 25 S.W.3d at 712. The appropriate standard for judging prejudice requires an appellant to
“show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result
of the proceeding would have been different.” Strickland, 466 U.S. at 694, 104 S. Ct. at 2068;
Tong, 25 S.W.3d at 712. A reasonable probability is a probability sufficient to undermine
confidence in the outcome. Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. 
            Review of a trial counsel’s representation is highly deferential. Tong, 25 S.W.3d at 712. We
indulge in a “strong presumption that counsel’s conduct falls within the wide range of reasonable
professional assistance.” Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. It is Appellant’s burden
to overcome the presumption that, under the circumstances, the challenged action might be
considered sound trial strategy. Id., 466 U.S. at 689, 104 S. Ct. at 2065; Tong, 25 S.W.3d at 712. 
Moreover, any allegation of ineffectiveness must be firmly founded in the record, and the record
must affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999). Failure to make the required showing of either deficient performance or
sufficient prejudice defeats the ineffectiveness claim. Id. Appellant must prove both prongs of the
Strickland test by a preponderance of the evidence in order to prevail. Tong, 25 S.W.3d at 712. 
Analysis
            Appellant has not shown by the record that his former counsel’s representation was deficient
or that it fell below an objective standard of reasonableness. See Strickland, 466 U.S. at 687-88, 104
S. Ct. at 2064; Tong, 25 S.W.3d at 712. We first note that the record is silent as to whether counsel
conducted an investigation or discussed Bowie with Appellant. Further, the record is silent as to the
reasons counsel chose not to obtain an investigator and chose not to make discovery requests. See
Manoy v. State, 7 S.W.3d 771, 780-81 (Tex. App.–Tyler 1999, no pet.). Moreover, Appellant has
the burden to show that counsel’s failure to investigate was not sound trial strategy. See Strickland,
466 U.S. at 689, 104 S. Ct. at 2065; Tong, 25 S.W.3d at 712.
            When the record is silent as to counsel’s reasons for his conduct, an appellate court can only
speculate about the reasons underlying counsel’s decisions in order to find him ineffective. See
Stults v. State, 23 S.W.3d 198, 208-09 & n.6 (Tex. App.–Houston [14th Dist.], pet. ref’d). We
decline to do so. Because the record does not show ineffectiveness or deficient performance, we
conclude that Appellant has failed to meet the first prong of the Strickland test. See Thompson, 9
S.W.3d at 813. However, even if Appellant had met the first prong of the Strickland test, he has
failed to show that, but for counsel’s unprofessional errors, the result of the proceeding would have
been different. See Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Tong, 25 S.W.3d at 712.
Therefore, we cannot conclude that Appellant’s former trial counsel was ineffective. Accordingly,
Appellant second issue is overruled.
 
Motion for New Trial
            In his first issue, Appellant argues that the trial court erred in denying his motion for new
trial, alleging that a new trial would have assisted Appellant in adducing facts not in the record
regarding ineffective assistance of counsel. In his prayer for relief, Appellant requests this court to
abate this proceeding and order the trial court to conduct a hearing on his motion for new trial. The
State complains that Appellant has waived this issue because his argument is conclusory. If
Appellant has not waived the issue, the State contends, he has failed to show that the trial court’s
decision to overrule the motion constituted an abuse of discretion. 
Applicable Law
            It is well established that the granting or denying of a motion for new trial lies within the
discretion of the trial court. Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). An appellate
court does not substitute its judgment for that of the trial court, but rather decides whether the trial
court’s decision was arbitrary or unreasonable. Id. A reviewing court will reverse only when the
trial court’s decision was clearly wrong and outside the zone of reasonable disagreement. State v.
Dixon, 893 S.W.2d 286, 288 (Tex. App.–Texarkana 1995, no pet.) (citing State v. Gonzales, 855
S.W.2d 692, 695 n.4 (Tex. Crim. App. 1993)). In other words, a trial court’s ruling denying a
motion for new trial is reviewed for abuse of discretion. Melancon v. State, 66 S.W.3d 375, 378
(Tex. App.–Houston [14th Dist.] 2001, pet. ref’d) (citing Salazar v. State, 38 S.W.3d 141, 148 (Tex.
Crim. App. 2001)). As previously stated, we follow the Strickland test in determining if Appellant
has been denied effective assistance of counsel. Moreover, whether or not to grant a new trial on
ineffective assistance of counsel grounds also lies within the discretion of the trial court. Reyes v.
State, 849 S.W.2d 812, 813 (Tex. Crim. App. 1993). 
            The right to a hearing on a motion for new trial is not an “absolute right.” Id. at 815. In
certain instances, the trial judge abuses his discretion in failing to hold a hearing on a motion for new
trial that raises matters which are not determinable from the record. Id. at 816. Nonetheless, an
unrestricted requirement of a hearing on matters not determinable from the record could lead to a
“fishing expedition.” Id. (citing McIntire v. State, 698 S.W.2d 652, 658 (Tex. Crim. App. 1985)).
Thus, as a prerequisite to obtaining a hearing and as a matter of pleading, motions for new trial must
be supported by affidavit, either of the accused or someone else, specifically showing the truth of
the grounds of attack. Id. (citing McIntire, 698 S.W.2d at 658). The motion or affidavit must
reflect that reasonable grounds exist for holding that such relief could be granted. Id. Affidavits
that are conclusory in nature are not sufficient to put the trial court on notice that reasonable grounds
for relief exist. Daniels v. State, 63 S.W.3d 67, 70 (Tex. App.–Houston [14th Dist.] 2001, pet. ref’d)
(citing Jordan v. State, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994)). Moreover, an appellant must
request such a hearing. Edwards v. State, 37 S.W.3d 511, 514 (Tex. App.–Texarkana 2001, pet.
ref’d).
Analysis
            In his motion for new trial, Appellant listed six alleged investigative failures committed by
his prior counsel before the guilty plea and one allegation that his prior counsel had failed to inform
him of the consequences of his guilty plea in light of a decision by this court.


 Further, Appellant’s
brief contains two short paragraphs alleging that discovery motions and requests were made by
Appellant’s new counsel after Appellant’s guilty plea. Moreover, Appellant’s brief merely directs
this court’s attention to a list of authorities and two sections of the record, without further argument. 
            An appellant’s brief must contain a clear and concise argument for the contentions made,
with appropriate citations to authorities and to the record. Tex. R. App. P. 38.1(h). Although
Appellant’s brief contains citations to authorities and to the record, his argument is wholly
conclusory and fails to particularize how these authorities or citations to the record relate to the facts
of this case. As such, Appellant has waived this issue. See Tex. R. App. P. 38.1(h). 
            However, even if Appellant had not waived the issue, the record is silent as to whether
counsel committed the omissions Appellant describes and as to counsel’s reasoning in choosing not
to request an investigator or make discovery requests. See Manoy, 7 S.W.3d at 780-81. Because
the record does not contain evidence of counsel’s ineffectiveness, we cannot conclude that the trial
court’s ruling is arbitrary or unreasonable. See Edwards, 37 S.W.3d at 515. Therefore, the trial
court did not abuse its discretion in denying the motion for new trial. See Strickland, 466 U.S. at
689, 104 S. Ct. at 2065; Lewis, 911 S.W.2d at 7.
            Moreover, Appellant’s motion for new trial is conclusory, does not contain sufficient detail,
and merely lists alleged investigative failures committed by his prior counsel before the guilty plea.
Further, Appellant’s affidavit, a boilerplate verification, does not show the truth of the grounds of
attack as required to obtain a hearing. See Reyes, 849 S.W.2d at 816; see also Alcott v. State, 26
S.W.3d 1, 4-5 (Tex. App.–Waco 1999), aff’d, 51 S.W.3d 596 (Tex. Crim. App. 2001) (concluding
that an affidavit merely relating that appellant’s counsel had personal knowledge of the facts and that
they are true and correct is insufficient). Additionally, Appellant failed to request a hearing on his
motion for new trial. See Edwards, 37 S.W.3d at 514. Because Appellant’s motion and affidavit
are conclusory, neither is sufficient to put the trial court on notice that reasonable grounds for relief
exist. See Daniels, 63 S.W.3d at 70. Therefore, Appellant has not satisfied the prerequisites to
obtaining a hearing on his motion for new trial. See Reyes, 849 S.W.2d at 816. Consequently, we
overrule Appellant’s first issue and his request for an order requiring a hearing on his motion for new
trial.
 
Disposition
            The judgment of the trial court is affirmed.
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
Opinion delivered September 8, 2004.
Panel consisted of Worthen, C.J., and DeVasto, J.
Griffith, J., not participating



(DO NOT PUBLISH)