COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-072-CR

VERNON R. WALKER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

A jury convicted Appellant Vernon R. Walker of aggravated robbery with a deadly weapon and sentenced him to fifteen years’ confinement.  In three issues, Walker argues that the trial court abused its discretion by denying his motions for continuance, for mistrial, and for new trial.  We will affirm.

II.  Factual and Procedural Background

Ryan Curtis and his friend, Zack Taylor, visited the Parks Mall in Arlington  on the afternoon of December 31, 2005.  They left the mall in Curtis’s vehicle after Taylor purchased a pair of shoes from the “Buckle.”  Curtis dropped Taylor off at a friend’s house, but Taylor left his new shoes in the trunk of Curtis’s car.  Curtis then proceeded to a McDonald’s restaurant where he picked up his food at the drive-through window, pulled forward, and stopped to check the order.  As Curtis sat in his vehicle checking the order, Walker opened the passenger door, entered the vehicle, pointed a gun at Curtis’s head, and instructed Curtis to give him his money.  Curtis gave his money to Walker, and Walker took Curtis’s stereo equipment and Taylor’s shoes from the trunk of the vehicle.  Walker placed the items in a duffle bag and rode away on a bike.

Byron Stewart, a detective with the Arlington Police Department, investigated the robbery and learned that two individuals had attempted to return the stolen shoes to the Buckle.  Detective Stewart contacted Ruby Heron, one of those individuals.  Heron told Detective Stewart that Walker was her son and that Walker had given the shoes to her grandson, who had accompanied her to the Buckle to return the shoes because they were too big. Heron testified at trial that she first came into possession of the shoes when Walker gave her a few Christmas gifts on January 1, 2006, one of which was the shoes from the Buckle.  Curtis subsequently identified Walker in a photo lineup as the individual who had robbed him.

At trial on February 6, 2007, and just before the State rested, defense counsel informed the trial court that he had been unable to locate a defense witness, Reginald Bynum, whom he had planned on calling to testify.  Defense counsel stated that he had spoken to Bynum, who said he did not want to testify.  After the lunch recess concluded, the trial court adjourned the proceeding until 9:00 a.m. the next morning to give defense counsel time to track Bynum down.  At 10:35 a.m. the following morning, the trial court stated that it was still waiting for Bynum to arrive at court, that a writ of attachment had been issued for Bynum, that Bynum had been served with a subpoena on February 6, 2007, that an investigator and a sheriff’s officer were at Bynum’s residence attempting to locate him, and that the trial court had left a message on Bynum’s cell phone instructing Bynum to come to court or face being held in contempt of court.  The trial court stated that it would wait until 1:00 p.m. for Bynum to show up, at which point the trial would resume.  When Bynum had still not appeared at 1:00 p.m., the trial resumed.  Because the trial court resumed the proceedings before Walker was able to procure Bynum’s testimony, Walker orally moved for a continuance and a mistrial.  The trial court denied both motions, and the defense rested and closed shortly thereafter.

The jury found Walker guilty of aggravated robbery with a deadly weapon, and the trial proceeded to the punishment phase.  The State and Walker rested and closed after submitting evidence, and the trial court adjourned until the following morning.

While the court was adjourned, the police arrested Bynum.  The next morning, the trial court stated that it wanted to question Bynum and that defense counsel could question Bynum and detail his prospective testimony outside the jury’s presence because the trial court was “seriously concerned about justice being done in this case in regard to the witness.”  The trial court questioned Bynum and found him in contempt of court, ordering him to remain in jail for a few days.  Defense counsel then questioned Bynum, who testified that he knew Walker and Curtis, that he and Curtis used to work together, and that Curtis and Walker knew each other because they had been at the same place “a couple” of times and had “conversations together.”  Bynum also recounted that he saw Curtis after the robbery and that Curtis told him he had been “carjacked,” but did not identify who had robbed him.  On cross-examination, Bynum explained that Curtis’s only contact with Walker occurred when Curtis pulled over in his vehicle to speak to Bynum, who was walking down the street with Walker.  Bynum testified that he then introduced Curtis to Walker, but that the three of them never “hung out” together and he had never seen Curtis and Walker “hanging out.”  Defense counsel re-urged his motion for a mistrial, which, after a brief recess, the trial court again denied.

The jury sentenced Walker to fifteen years’ confinement.  Walker subsequently filed a motion for new trial and motion in arrest of judgment that requested the trial court to grant a new trial “in the interests of justice.”

III.  Motions For Continuance, Mistrial, and New Trial

In his first, second, and third issues, Walker argues that the trial court erred by denying his motions for continuance, for mistrial, and for new trial.  His primary contention is that he was denied a fair trial because of his inability to elicit critical testimony from Bynum, the absent witness.  The State responds that the trial court did not abuse its discretion by denying the motions.

A. Motion for Continuance

Citing article 29.13 of the code of criminal procedure, Walker argues that the trial court erred by denying his oral motion for a continuance because Bynum’s failure to appear was an “unexpected occurrence” that no “reasonable diligence” could have anticipated.

Continuances in criminal cases are governed by article 29 of the Texas Code of Criminal Procedure.  
See 
Tex. Code Crim. Proc. Ann.
 art. 29 (Vernon 2006).  Articles 29.03 and 29.08 require motions for continuance to be in writing and sworn to by a person having personal knowledge of the facts relied upon for the continuance.  
Id
. art. 29.03, 29.08.  Article 29.06 addresses motions by defendants for continuances based upon the absence of a witness.  
Id
. art. 29.06.  While articles 29.03 and 29.06 do not specify whether they apply to both pretrial motions and motions made during trial, article 29.13 expressly provides that the trial court may grant a motion for continuance or postponement after the trial has begun if the court is satisfied “that by some unexpected occurrence since the trial began, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial cannot be had.”  
Id
. art. 29.13.  The motion is addressed to the sound discretion of the trial court.  
Hightower v. State
, 629 S.W.2d 920, 926 (Tex. Crim. App. 1981).

In 
Walker v. State
, we considered a similar issue.
(footnote: 2)  No. 2-05-00327-CR, 2007 WL 79580, at *2–5 (Tex. App.—Fort Worth Jan. 11, 2007, pet. dism’d untimely filed) (mem. op) (not designated for publication).  We recognized caselaw holding that while a trial court’s denial of an oral motion for continuance, even during trial, preserves nothing for appellate review, some jurisdictions permit an oral motion for continuance that is not reduced to writing and unsworn to be addressed on equitable grounds.  
Id
. at *2–5.  Just as we did in 
Walker
, we need not revisit the issue of whether an oral motion for continuance during trial fails to preserve error 
because, 
assuming that the oral motion for continuance was sufficient to invoke the equitable powers of the court, Walker did not show that he was entitled to a continuance.

The record demonstrates that Walker filed a motion for continuance three days before trial on February 2, 2007, and an amended motion for continuance on February 5, 2007.
(footnote: 3)  Walker stated in both motions that his attorney subpoenaed Bynum on January 30, 2007, and that an investigator told his attorney that Bynum “had recently left his place of employment.”  The motions further stated that on February 1, 2007, Walker’s counsel “requested new subpoenas for Mr. Bynum and Mr. Bynum’s employment records in an effort to locate” Bynum and that “[t]his would not give [the investigator] sufficient time to locate” Bynum.  Thus, as early as February 2, 2007, three days before the trial began, Walker’s counsel sought to continue the trial due to concerns about securing Bynum’s testimony.  Consequently, the record does not show that Bynum’s absence was an “unexpected occurrence since the trial began” which “no reasonable diligence could have anticipated” and that Walker was “so taken by surprise” that he could not have had a fair trial.  
See 
Tex. Code Crim. Proc. Ann.
 art. 29.13; 
see also Martinez v. State
, 867 S.W.2d 30, 40–41 (Tex. Crim. App. 1993); 
Bradshaw v. State
, 482 S.W.2d 233, 235 (Tex. Crim. App. 1972); 
Walker, 
2007 WL 79580, at *2–5; 
Urias v. State
, No. 08-04-00343-CR, 2006 WL 429584, at *4–5 (Tex. App.—El Paso Feb. 23, 2006, pet. ref’d) (not designated for publication).  Indeed, the record shows just the opposite.

Walker was also not entitled to a continuance because there was a possibility that the trial would have been delayed indefinitely.  “If the evidence does not indicate a probability that the witness can be secured by a postponement, or if it appears that a continuance due to the absence of the witness would delay the trial indefinitely, the motion [for continuance] may be properly denied.”  
Rodriguez v. State
, 21 S.W.3d 562, 565–66 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d.) (op. on reh’g), 
cert. denied
, 532 U.S. 995 (2001).  Here, the trial court adjourned the proceedings after the conclusion of the lunch recess on February 7 and delayed the trial until 1:00 p.m. the next day to allow defense counsel an opportunity to locate Bynum.  Bynum had still not appeared at court by mid-day on February 8, so the trial resumed.  Other than further delaying the trial, there is nothing in the record to indicate that there was “a probability that [Bynum could have been] secured by a postponement” or that the trial would not have been delayed indefinitely.

We hold that the trial court did not abuse its discretion by denying Walker’s oral motion for continuance.  Accordingly, we overrule Walker’s first issue.

B. Motions for Mistrial
 
and Motion for New Trial

Walker argues that the trial court erred by denying his motions for a mistrial because Bynum’s prospective testimony, which would have caused the jury to doubt Curtis’s identification of Walker, was “material and vital to a fair trial.”  He also argues that the trial court erred by denying his motion for new trial because “[t]he absence of Bynum’s testimony deprived Walker of a fair determination of his guilt or innocence.”  We address both issues here.

A mistrial is a device used to halt proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile.  
Hawkins v. State
, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004); 
Wood
 
v. State
, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000).  A trial court may properly exercise its discretion to declare a mistrial if an impartial verdict cannot be reached or if a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error.  
Ladd v. State
, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).  The determination as to whether a given error calls for a mistrial must be made by examining the peculiar facts and circumstances of each case.  
Hernandez v. State
, 805 S.W.2d 409, 414 (Tex. Crim. App. 1990).  We review the trial court’s denial of a motion for mistrial under an abuse of discretion standard.  
Hawkins
, 135 S.W.3d at 77.

We likewise review the trial court’s decision to deny a motion for new trial for an abuse of discretion.  
Lewis v. State
, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995).  The trial court’s ruling is presumed to be correct, and the burden rests on the appellant to establish the contrary.  
Lee v. State
, 167 Tex. Crim. 608, 322 S.W.2d 260, 262 (Tex. Crim. App. 1958); 
Edwards v. State
, 37 S.W.3d 511, 515 (Tex. App.—Texarkana 2001, pet. ref’d).

We have the benefit of knowing the testimony that Bynum would have given had he shown up to testify as required because the trial court allowed Walker’s attorney to question Bynum outside the presence of the jury after Bynum’s arrest.  Bynum testified that Curtis and Walker knew each other because they had been at the same place “a couple” of times and had “conversations together.”  Bynum explained that he introduced Curtis to Walker when Curtis, driving in his vehicle, saw Bynum and Walker walking down the street, but clarified that the three of them never “hung out” together and that he had never seen Curtis and Walker “hanging out.”

We disagree with Walker’s argument that Bynum’s testimony was essential to a fair trial.  Even if the jury had the benefit of hearing Bynum’s testimony and had made the inference suggested by Walker (that Curtis’s identification of Walker was erroneous because Curtis simply recognized Walker’s face from a previous introduction), there is still evidence that Walker gave the stolen shoes to a relative as a gift shortly after the robbery occurred and that Walker’s mother and the relative attempted to return the stolen shoes to the Buckle.  A defendant’s unexplained possession of recently stolen property permits an inference that the defendant committed the theft.  
Poncio v. State
, 185 S.W.3d 904, 904–05 & n.2 (Tex. Crim. App. 2006).  As the State points out, Walker offered absolutely no evidence explaining his possession of the stolen shoes.

Walker accordingly argues that the shoes returned to the Buckle were not the identical shoes involved in the robbery.  The evidence, however, shows that Walker’s mother attempted to return the shoes on January 2, 2006, just two days after the robbery.  A former manager at the Buckle testified that the store typically stocks only one size of any particular item and that there would have been only one pair of size twelve “Blackboard” shoes (which was the size and style of shoe that Taylor had purchased and Walker’s mother attempted to return) in inventory around that time.  He testified that he had never seen an item that had been reordered appear within a week of the newly placed order. He also testified that each item in the store’s inventory has a unique “UPC” number and that the UPC number that had been assigned to the stolen shoes was linked to the shoes that Heron had attempted to return on January 2, 2006.

The peculiar facts and circumstances of this case thus demonstrate that Bynum’s testimony was not “vital” to Walker receiving a fair trial or necessary for the jury to have reached an impartial verdict.  We hold that the trial court did not abuse its discretion by denying Walker’s motions for a mistrial.  
See generally Sherman v. State
, Nos. 11-00-00308-CR, 11-00-00309-CR, 11-00-00310-CR, 2001 WL 34373637, at *3 (Tex. App.—Eastland Nov. 8, 2001, no pet.) (not designated for publication) (overruling appellant’s argument that trial court erred by denying motion for mistrial due to absent witness).  Moreover, because Walker’s motion for new trial is substantively identical to the arguments that he asserts in support of his issue challenging the trial court’s denial of his motions for a mistrial, we also hold that the trial court did not abuse its discretion by denying Walker’s motion for new trial.  We overrule Walker’s second and third issues.

IV.  Conclusion

Having overruled each of Walker’s issues, we affirm the trial court’s judgment.

PER CURIAM

PANEL F:  HOLMAN, GARDNER and WALKER, JJ.

WALKER, J. concurs without opinion.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 14, 2008

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
In
 Walker
, 
appellant had complained of the trial court’s denial of his mid-trial oral motion for continuance.

3:
Walker does not assert any complaint challenging the denial of his amended motion for continuance.