COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-072-CR

 

 

VERNON R. WALKER                                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction

A jury convicted Appellant
Vernon R. Walker of aggravated robbery with a deadly weapon and sentenced him
to fifteen years=
confinement.  In three issues, Walker
argues that the trial court abused its discretion by denying his motions for
continuance, for mistrial, and for new trial. 
We will affirm.








II.  Factual and Procedural Background

Ryan Curtis and his friend,
Zack Taylor, visited the Parks Mall in Arlington  on the afternoon of December 31, 2005.  They left the mall in Curtis=s vehicle after Taylor purchased a pair of shoes from the ABuckle.@  Curtis dropped Taylor off at a friend=s house, but Taylor left his new shoes in the trunk of Curtis=s car.  Curtis then proceeded to
a McDonald=s restaurant
where he picked up his food at the drive-through window, pulled forward, and
stopped to check the order.  As Curtis
sat in his vehicle checking the order, Walker opened the passenger door,
entered the vehicle, pointed a gun at Curtis=s head, and instructed Curtis to give him his money.  Curtis gave his money to Walker, and Walker
took Curtis=s stereo
equipment and Taylor=s shoes from
the trunk of the vehicle.  Walker placed
the items in a duffle bag and rode away on a bike.








Byron Stewart, a detective
with the Arlington Police Department, investigated the robbery and learned that
two individuals had attempted to return the stolen shoes to the Buckle.  Detective Stewart contacted Ruby Heron, one
of those individuals.  Heron told
Detective Stewart that Walker was her son and that Walker had given the shoes
to her grandson, who had accompanied her to the Buckle to return the shoes
because they were too big. Heron testified at trial that she first came into
possession of the shoes when Walker gave her a few Christmas gifts on January
1, 2006, one of which was the shoes from the Buckle.  Curtis subsequently identified Walker in a
photo lineup as the individual who had robbed him.

At trial on February 6, 2007,
and just before the State rested, defense counsel informed the trial court that
he had been unable to locate a defense witness, Reginald Bynum, whom he had
planned on calling to testify.  Defense
counsel stated that he had spoken to Bynum, who said he did not want to
testify.  After the lunch recess
concluded, the trial court adjourned the proceeding until 9:00 a.m. the next
morning to give defense counsel time to track Bynum down.  At 10:35 a.m. the following morning, the
trial court stated that it was still waiting for Bynum to arrive at court, that
a writ of attachment had been issued for Bynum, that Bynum had been served with
a subpoena on February 6, 2007, that an investigator and a sheriff=s officer were at Bynum=s residence attempting to locate him, and that the trial court had
left a message on Bynum=s cell phone
instructing Bynum to come to court or face being held in contempt of
court.  The trial court stated that it
would wait until 1:00 p.m. for Bynum to show up, at which point the trial would
resume.  When Bynum had still not
appeared at 1:00 p.m., the trial resumed. 
Because the trial court resumed the proceedings before Walker was able
to procure Bynum=s testimony,
Walker orally moved for a continuance and a mistrial.  The trial court denied both motions, and the
defense rested and closed shortly thereafter.








The jury found Walker guilty
of aggravated robbery with a deadly weapon, and the trial proceeded to the
punishment phase.  The State and Walker
rested and closed after submitting evidence, and the trial court adjourned
until the following morning.








While the court was
adjourned, the police arrested Bynum. 
The next morning, the trial court stated that it wanted to question
Bynum and that defense counsel could question Bynum and detail his prospective
testimony outside the jury=s presence because the trial court was Aseriously concerned about justice being done in this case in regard to
the witness.@  The trial court questioned Bynum and found him
in contempt of court, ordering him to remain in jail for a few days.  Defense counsel then questioned Bynum, who
testified that he knew Walker and Curtis, that he and Curtis used to work
together, and that Curtis and Walker knew each other because they had been at
the same place Aa couple@ of times and had Aconversations together.@  Bynum also recounted that he
saw Curtis after the robbery and that Curtis told him he had been Acarjacked,@ but did not
identify who had robbed him.  On
cross-examination, Bynum explained that Curtis=s only contact with Walker occurred when Curtis pulled over in his
vehicle to speak to Bynum, who was walking down the street with Walker.  Bynum testified that he then introduced
Curtis to Walker, but that the three of them never Ahung out@ together
and he had never seen Curtis and Walker Ahanging out.@  Defense counsel re-urged his motion for a
mistrial, which, after a brief recess, the trial court again denied.

The jury sentenced Walker to
fifteen years=
confinement.  Walker subsequently filed a
motion for new trial and motion in arrest of judgment that requested the trial
court to grant a new trial Ain the interests of justice.@

III.  Motions For Continuance, Mistrial, and New
Trial

In his first, second, and
third issues, Walker argues that the trial court erred by denying his motions
for continuance, for mistrial, and for new trial.  His primary contention is that he was denied
a fair trial because of his inability to elicit critical testimony from Bynum,
the absent witness.  The State responds
that the trial court did not abuse its discretion by denying the motions.

A.     Motion for Continuance

Citing article 29.13 of the
code of criminal procedure, Walker argues that the trial court erred by denying
his oral motion for a continuance because Bynum=s failure to appear was an Aunexpected occurrence@ that no Areasonable
diligence@ could have
anticipated.








Continuances in criminal
cases are governed by article 29 of the Texas Code of Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. art. 29 (Vernon 2006).  Articles 29.03 and 29.08 require motions for
continuance to be in writing and sworn to by a person having personal knowledge
of the facts relied upon for the continuance. 
Id. art. 29.03, 29.08. 
Article 29.06 addresses motions by defendants for continuances based
upon the absence of a witness.  Id.
art. 29.06.  While articles 29.03 and
29.06 do not specify whether they apply to both pretrial motions and motions
made during trial, article 29.13 expressly provides that the trial court may
grant a motion for continuance or postponement after the trial has begun if the
court is satisfied Athat by some
unexpected occurrence since the trial began, which no reasonable diligence
could have anticipated, the applicant is so taken by surprise that a fair trial
cannot be had.@  Id. art. 29.13.  The motion is addressed to the sound
discretion of the trial court.  Hightower
v. State, 629 S.W.2d 920, 926 (Tex. Crim. App. 1981).








In Walker v. State, we
considered a similar issue.[2]  No. 2-05-00327-CR, 2007 WL 79580, at *2B5 (Tex. App.CFort Worth
Jan. 11, 2007, pet. dism=d untimely
filed) (mem. op) (not designated for publication).  We recognized caselaw holding that while a
trial court=s denial of
an oral motion for continuance, even during trial, preserves nothing for
appellate review, some jurisdictions permit an oral motion for continuance that
is not reduced to writing and unsworn to be addressed on equitable
grounds.  Id. at *2B5.  Just as we did in Walker,
we need not revisit the issue of whether an oral motion for continuance during
trial fails to preserve error because, assuming that the oral motion for
continuance was sufficient to invoke the equitable powers of the court, Walker
did not show that he was entitled to a continuance.








The record demonstrates that
Walker filed a motion for continuance three days before trial on February 2,
2007, and an amended motion for continuance on February 5, 2007.[3]  Walker stated in both motions that his
attorney subpoenaed Bynum on January 30, 2007, and that an investigator told
his attorney that Bynum Ahad recently
left his place of employment.@  The motions further stated
that on February 1, 2007, Walker=s counsel Arequested
new subpoenas for Mr. Bynum and Mr. Bynum=s employment records in an effort to locate@ Bynum and that A[t]his would
not give [the investigator] sufficient time to locate@ Bynum.  Thus, as early as
February 2, 2007, three days before the trial began, Walker=s counsel sought to continue the trial due to concerns about securing
Bynum=s testimony.  Consequently, the
record does not show that Bynum=s absence was an Aunexpected occurrence since the trial began@ which Ano
reasonable diligence could have anticipated@ and that Walker was Aso taken by surprise@ that he could not have had a fair trial.  See Tex.
Code Crim. Proc. Ann. art. 29.13; see also Martinez v. State, 867
S.W.2d 30, 40B41 (Tex.
Crim. App. 1993); Bradshaw v. State, 482 S.W.2d 233, 235 (Tex. Crim.
App. 1972); Walker, 2007 WL 79580, at *2B5; Urias v. State, No. 08-04-00343-CR, 2006 WL 429584, at *4B5 (Tex. App.CEl Paso Feb.
23, 2006, pet. ref=d) (not
designated for publication).  Indeed, the
record shows just the opposite.

Walker was also not entitled to a continuance because there
was a possibility that the trial would have been delayed indefinitely.  AIf the evidence
does not indicate a probability that the witness can be secured by a
postponement, or if it appears that a continuance due to the absence of the
witness would delay the trial indefinitely, the motion [for continuance] may be
properly denied.@  Rodriguez
v. State, 21 S.W.3d 562, 565B66 (Tex. App.CHouston [14th
Dist.] 2000, pet. ref=d.) (op. on reh=g), cert.
denied, 532 U.S. 995 (2001).  Here,
the trial court adjourned the proceedings after the conclusion of the lunch
recess on February 7 and delayed the trial until 1:00 p.m. the next day to
allow defense counsel an opportunity to locate Bynum.  Bynum had still not appeared at court by
mid-day on February 8, so the trial resumed. 
Other than further delaying the trial, there is nothing in the record to
indicate that there was Aa probability that [Bynum could have been]
secured by a postponement@ or that the trial would not have been
delayed indefinitely.








We hold that the trial court
did not abuse its discretion by denying Walker=s oral motion for continuance. 
Accordingly, we overrule Walker=s first issue.

B.     Motions for Mistrial and Motion for New Trial

Walker argues that the trial
court erred by denying his motions for a mistrial because Bynum=s prospective testimony, which would have caused the jury to doubt
Curtis=s identification of Walker, was Amaterial and vital to a fair trial.@  He also argues that the trial
court erred by denying his motion for new trial because A[t]he absence of Bynum=s testimony deprived Walker of a fair determination of his guilt or
innocence.@  We address both issues here.








A mistrial is a device used
to halt proceedings when error is so prejudicial that expenditure of further
time and expense would be wasteful and futile. 
Hawkins v. State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004); Wood
v. State, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000).  A trial court may properly exercise its
discretion to declare a mistrial if an impartial verdict cannot be reached or
if a verdict of conviction could be reached but would have to be reversed on
appeal due to an obvious procedural error. 
Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).  The determination as to whether a given error
calls for a mistrial must be made by examining the peculiar facts and
circumstances of each case.  Hernandez
v. State, 805 S.W.2d 409, 414 (Tex. Crim. App. 1990).  We review the trial court=s denial of a motion for mistrial under an abuse of discretion
standard.  Hawkins, 135 S.W.3d at
77.

We likewise review the trial
court=s decision to deny a motion for new trial for an abuse of discretion.  Lewis v. State, 911 S.W.2d 1, 7 (Tex.
Crim. App. 1995).  The trial court=s ruling is presumed to be correct, and the burden rests on the
appellant to establish the contrary.  Lee
v. State, 167 Tex. Crim. 608, 322 S.W.2d 260, 262 (Tex. Crim. App. 1958); Edwards
v. State, 37 S.W.3d 511, 515 (Tex. App.CTexarkana 2001, pet. ref=d).

We have the benefit of
knowing the testimony that Bynum would have given had he shown up to testify as
required because the trial court allowed Walker=s attorney to question Bynum outside the presence of the jury after
Bynum=s arrest.  Bynum testified that
Curtis and Walker knew each other because they had been at the same place Aa couple@ of times
and had Aconversations together.@  Bynum explained that he
introduced Curtis to Walker when Curtis, driving in his vehicle, saw Bynum and
Walker walking down the street, but clarified that the three of them never Ahung out@ together
and that he had never seen Curtis and Walker Ahanging out.@








We disagree with Walker=s argument that Bynum=s testimony was essential to a fair trial.  Even if the jury had the benefit of hearing
Bynum=s testimony and had made the inference suggested by Walker (that
Curtis=s identification of Walker was erroneous because Curtis simply
recognized Walker=s face from
a previous introduction), there is still evidence that Walker gave the stolen
shoes to a relative as a gift shortly after the robbery occurred and that
Walker=s mother and the relative attempted to return the stolen shoes to the
Buckle.  A defendant=s unexplained possession of recently stolen property permits an
inference that the defendant committed the theft.  Poncio v. State, 185 S.W.3d 904, 904B05 & n.2 (Tex. Crim. App. 2006). 
As the State points out, Walker offered absolutely no evidence
explaining his possession of the stolen shoes.








Walker accordingly argues
that the shoes returned to the Buckle were not the identical shoes involved in
the robbery.  The evidence, however,
shows that Walker=s mother
attempted to return the shoes on January 2, 2006, just two days after the
robbery.  A former manager at the Buckle
testified that the store typically stocks only one size of any particular item
and that there would have been only one pair of size twelve ABlackboard@ shoes
(which was the size and style of shoe that Taylor had purchased and Walker=s mother attempted to return) in inventory around that time.  He testified that he had never seen an item
that had been reordered appear within a week of the newly placed order. He also
testified that each item in the store=s inventory has a unique AUPC@ number and
that the UPC number that had been assigned to the stolen shoes was linked to
the shoes that Heron had attempted to return on January 2, 2006.

The peculiar facts and
circumstances of this case thus demonstrate that Bynum=s testimony was not Avital@ to Walker
receiving a fair trial or necessary for the jury to have reached an impartial
verdict.  We hold that the trial court
did not abuse its discretion by denying Walker=s motions for a mistrial.  See
generally Sherman v. State, Nos. 11-00-00308-CR, 11-00-00309-CR,
11-00-00310-CR, 2001 WL 34373637, at *3 (Tex. App.CEastland Nov. 8, 2001, no pet.) (not designated for publication)
(overruling appellant=s argument
that trial court erred by denying motion for mistrial due to absent
witness).  Moreover, because Walker=s motion for new trial is substantively identical to the arguments
that he asserts in support of his issue challenging the trial court=s denial of his motions for a mistrial, we also hold that the trial
court did not abuse its discretion by denying Walker=s motion for new trial.  We
overrule Walker=s second and
third issues.

 

 

 

 

 








IV.  Conclusion

Having overruled each of
Walker=s issues, we affirm the trial court=s judgment.

 

PER CURIAM

PANEL F: 
HOLMAN, GARDNER and WALKER, JJ.

WALKER, J. concurs without opinion.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: 
February 14, 2008











[1]See Tex. R.
App. P. 47.4.





[2]In Walker, appellant
had complained of the trial court=s denial of his mid-trial
oral motion for continuance.





[3]Walker does not assert any
complaint challenging the denial of his amended motion for continuance.