MARY'S OPINION HEADING 







                                                                                    NO. 12-04-00100-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
MARCUS CARDELL RUSH,                            §                 APPEAL FROM THE SEVENTH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            A jury found Appellant Marcus Cardell Rush guilty of sexual assault of a child. The trial
court assessed his punishment at imprisonment for eighteen years and a $10,000 fine. In two issues,
Appellant contends he received ineffective assistance of counsel and that the trial court erred in
admitting into evidence at the jury trial the stipulation of evidence he signed in conjunction with his
subsequently withdrawn plea of no contest. We reverse and remand for a new trial.
 
Background
            The alleged victim, J.E., testified that Appellant was her biological father and that at the time
of the offense she was thirteen years old. She testified that her father had sexual intercourse with
her on many occasions. She would lie on her stomach and he would lie on her back and place his
penis between her legs. J.E. told the jury that sometimes his penis would penetrate her vagina and
sometimes it would not. Although Appellant never physically forced her to have sex with him, she
understood that in order to get to do something like going to a dance, she would have to have sexual
relations with him.
            When the police were informed about J.E.’s allegations, she was sent to Angela Cabaniss,
a sexual assault nurse examiner, who examined her vagina and anus and also thoroughly examined
the rest of her body. She swabbed J.E.’s back area and included the swab in the sexual assault kit
submitted to the DPS crime laboratory. Cabaniss testified that she found no sperm or evidence of
trauma or sexual assault. Robert Hilbig, employed by the DPS crime lab, testified regarding the
evidence submitted to the DPS laboratory. Hilbig found no evidence of sexual assault.
            After her father was charged by indictment with sexual assault of a child, J.E. wrote a letter
recanting the accusation. Later, at her father’s urging, she signed a sworn statement at the defense
attorney’s office stating that the sexual assaults never happened and that she had made everything
up.
            Appellant entered a plea of no contest to the indictment. He signed a sworn stipulation of
evidence that he had committed the crime as charged in the indictment, a waiver of jury trial, and
a request for a pre-judgment/sentence investigation and report. At a hearing prior to sentencing, the
trial court granted Appellant’s request to withdraw his plea and for a jury trial on the issue of his
guilt. At trial, the court denied Appellant’s motion to suppress the stipulation of evidence and
admitted the stipulation into evidence as State’s Exhibit 1. The State also presented a videotaped
interview of Appellant in which he stated that while J.E. lay on her stomach, he put his erect penis
between her upper legs from behind her. In the interview, Appellant stated that his penis never
penetrated nor came in contact with J.E.’s sexual organ.
 
Introduction of Appellant’s Stipulation
of Evidence from the Plea Proceeding

            Appellant contends that the admission of the stipulation into evidence was error and urges
reversal based on the court of criminal appeals decision in Bowie v. State, 135 S.W.3d 55 (Tex.
Crim. App. 2004), which reversed a prior decision of this court. In Bowie, the court of criminal
appeals held that, under Texas Rule of Evidence 410(3), all statements a defendant makes during a
“timely pass for plea proceeding” are inadmissible against the defendant in a subsequent trial. Id.
at 65.
            The State contends that Appellant’s objection to the admission of the stipulation of evidence
in the trial court does not comport with his complaint on appeal; hence, no error is preserved. See
Tex. R. App. P. 33.1(a); Thomas v. State, 723 S.W2d 696, 700 (Tex. Crim. App. 1986). Appellant’s
motion to suppress the stipulation did not urge its inadmissibility under Rule 410(3), but asserted
that it was involuntary.
            Two general policies underlie the requirement of specific objections. First, a specific
objection is required to inform the trial judge of the basis of the objection and afford him the
opportunity to rule on it. Second, a specific objection is required to afford opposing counsel an
opportunity to remove the objection or supply other testimony. Saldano v. State, 70 S.W.3d 873,
887 (Tex. Crim. App. 2002) (quoting Zillender v. State, 557 S.W.2d 515, 516 (Tex. Crim. App.
1977)).
            It is apparent from the record of the hearing held on Appellant’s motion to suppress that
Appellant’s counsel, the prosecutor, and the judge were aware of the implications of our then recent
but subsequently reversed decision in Bowie.


 The trial judge was not only aware of the case, but
raised the issue himself. Moreover, the trial judge clearly acknowledged that he was constrained to
overrule Appellant’s motion to suppress because of our holding in Bowie as shown by the following 
announcement of his ruling:
 
COURT:                            As I understand the Bowie case, those documents, at least in the
courts in the 12th Circuit or the 12th Court of Appeals area, are
required to follow the law out of the 12th Court of Appeals. I do
know that case is up on appeal to the Court of Criminal Appeals.
 
At some point, we’ll get some definition and clarity, but at this
point, I have my marching orders from the Court of Appeals that
supervises this Court. Their opinion is that is something that
shouldn’t be suppressed should the State attempt to use it. 
                                           . . . .
 
[A]t this point, I’m not going to grant your Motion to Suppress
the Evidence because I think the law provides that would be error
on my part as the 12th Court currently stands. So, the Motion
will be denied.


The question was before the court, and the court plainly based its ruling on our opinion in Bowie. 
Error was preserved.
            In light of the subsequent holding of the court of criminal appeals reversing our decision in
Bowie, the trial court’s ruling admitting the stipulation was erroneous.
            The question remains whether the error was harmful to Appellant. Any nonconstitutional
error that does not affect the substantial rights of the Appellant must be disregarded. Tex. R. App.
P. 44.2(b). A substantial right is affected when the error has a substantial and injurious effect on the
jury’s determination of its verdict. See King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). 
In assessing harm under Rule 44.2(b), we review the entire record to determine whether the error had
more than a slight influence on the verdict. See Fowler v. State, 958 S.W.2d 853, 865 (Tex.
App.–Waco 1997), aff’d, 991 S.W.2d 258 (Tex. Crim. App. 1999). If we have grave doubts about
its effect on the outcome, we must find the error requires a new trial. Id. 
            The State offered and the trial court admitted Appellant’s videotaped statement wherein he
admitted that weekly he would act “inappropriate” with his daughter by having her lie naked on her
stomach in bed while he lay naked on her back rubbing his erect penis between her upper legs until
he ejaculated on a towel. The State argues that the videotape corroborated the testimony of the
victim and the results of the police investigation in every detail except contact with or penetration
of the victim’s sexual organ. The State urges that there was more than adequate evidence from more
than one source of Appellant’s complicity in all elements of the offense alleged, independent of the
judicial stipulation of guilt, and therefore the admission of Appellant’s stipulation of evidence
admitting that he committed the crime as charged in the indictment could have had no more than a
slight influence on the jury’s verdict.
            In his videotaped statement, Appellant did not admit the most important element of the
offense, actual contact of his sexual organ with that of his daughter. The only direct evidence that
this occurred came from the victim who had twice recanted her accusation. Neither the laboratory
findings from the sexual assault kit nor the examination of the victim by the SANE nurse revealed
any corroborating evidence of sexual assault.
            While the State argues that the stipulation could have had only a minimal influence on the
jury’s deliberations, the prosecution chose to emphasize it both in opening and closing its final
argument. And throughout their arguments, both prosecutors repeatedly stressed Appellant’s judicial
confession contained in the stipulation. The State opened its final argument, as follows:
 
(PROSECUTOR)
MR. MURPHY:                Thank you, Your Honor. Somebody who forces himself on his
biological daughter twice a week. Twice a week. That’s the kind
of person who does that. That’s Marcus Rush.
 
How do we know that? Well, the first thing we introduced was
the written Stipulation of Evidence signed by Marcus Rush,
signed by [his attorney] that said, “I hereby stipulate that
everything in this document is true, that on these dates I
committed this offense.”
 
That’s what the Stipulation of Evidence is. It says that I did
cause my sexual organ to come in contact with [J.E.]’s sexual
organ, and she is a child under seventeen years of age. She is not
my spouse. I did this. He signed it, his attorney signed it. This
is in evidence.


A drumfire of references to the stipulation quickly followed, many incorrectly characterizing the
conduct confessed on the videotape as a confession to the crime charged.

 
MR. MURPHY:                All the evidence points to one thing and one thing only. That
Marcus Rush had sex with this child. He admitted to it, twice.
 
. . . .
 
When you think about why anybody would admit twice to having
sex with his daughter, to doing the one act that is probably the
most taboo in all of our society, why would anybody admit to it? 
I’ll tell you why. There’s one reason and there’s one reason only. 
Because he did it.
 
. . . .
 
Marcus Rush admitted to that on the 14th of August, 2002; on
the 13th of August, 2002; on the 12th of August, 2002; and on
the 11th of August, 2002, in this written sworn Stipulation of
Evidence.
 
. . . .

(PROSECUTOR)
MR. HARRISON:             What the defendant said, what the defendant did say, well, first
of all, let’s not even talk about the sworn Stipulation that he filed
that said he put his genitalia on her genitalia.
 
. . . .
 
Forget the sworn Stipulation of Evidence that he signed and
swore to in open court saying he’s guilty of this offense by his
conduct. Forget all that. Throw that out the window.
 
. . . .
 
Is this where we have come in this county, where a father could
do that to his child, admit it on videotape, admit it in open court
and then call her a liar.
 
. . . .
 
                                           He never mentioned, when he was talking about looking at other
evidence, talking about this videotape, this sworn Stipulation of
Evidence.


The prosecutor’s closing words exhorted the jury to do justice.
 
MR. HARRISON:             And I would ask you to go back and do justice. Find him guilty. 
He told you he’s guilty. What more do you need?


When the jury retired to deliberate, they asked to see (1) the stipulation of evidence and (2) the
videotape.
            On videotape, Appellant freely admitted unnatural, depraved, and repellant conduct, but he
did not admit that his sexual organ touched his daughter’s sexual organ. This was the only point in
issue, and it is the gist of the offense. Aside from the stipulation, no other evidence corroborated the
victim’s testimony that contact occurred. The physical examination conducted shortly after the last
alleged assault and the laboratory results from the sexual assault kit provided no evidence that a
sexual assault had taken place. In their effort to persuade the jury that contact had taken place, the
prosecutors repeatedly relied on the stipulation. During its deliberations, the jury asked to see it.
            Even if the stipulation is not considered, the evidence is both legally and factually sufficient
to sustain the conviction. But that is not the question before us. Weighing the state of the evidence
together with the heavy emphasis placed by the State on the stipulation of evidence in final
argument, we have no fair assurance that the error did not influence the jury in reaching its verdict,
or had but a slight effect.
            Having sustained Appellant’s second issue, we need not address Appellant’s remaining issue
complaining his counsel was ineffective.
 
Disposition
            We reverse the trial court’s judgment and remand the cause for a new trial.
 
 
 
                                                                                                    BILL BASS 
                                                                                                            Justice
 
 
Opinion delivered September 30, 2005.
Panel consisted of Worthen, C.J., DeVasto, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by
assignment.



















(DO NOT PUBLISH)